

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

April 13, 2012

**FILED BY ECF**
**COURTESY COPY BY INTEROFFICE MAIL**
The Honorable Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11021

    Re:  United States v. One Polished Diamond, 10-CV-2312 (SJ)

Dear Judge Johnson:

    The government respectfully writes in response to the Status Report Order entered on March 30, 2012 in the above-referenced civil forfeiture proceeding against one polished diamond weighing approximately sixty-eight carats (the "Defendant Diamond").

    I.    FACTUAL AND PROCEDURAL BACKGROUND

    On May 20, 2010, the government filed a Verified Complaint In Rem seeking forfeiture of the Defendant Diamond, which had previously been seized by Immigration and Customs Enforcement ("ICE") agents pursuant to a warrant issued by Magistrate Judge Viktor V. Pohorelsky.  See Verified Complaint, Dkt. #1, at ¶¶ 27-28.  The facts in support of the forfeiture of the Defendant Diamond are set forth in paragraphs 12 through 26 of the Verified Complaint.  In summary, the Defendant Diamond was obtained by virtue of false or fraudulent pretenses and/or was stolen from a South African diamond mining company, Higgs Diamonds Proprietary Ltd. ("Higgs Diamonds"), by Dennis Van Kerrebroeck ("Van Kerrebroeck"), who imported it into the United States before purporting to sell it to a New York diamond dealer, Taly Diamonds, LLC ("Taly Diamonds"), for the sum of approximately $1 million.

    The same day that the government filed its Verified Complaint, former Magistrate Judge Andrew L. Carter issued a Warrant for Arrest of Articles In Rem, authorizing the government's continued retention of the Defendant Diamond in connection with this proceeding, based upon a finding of probable

Page 2

cause to believe that the Defendant Diamond was subject to seizure and forfeiture pursuant to (A) 19 U.S.C. § 1595a(c), as merchandise introduced into the United States contrary to law in violation of 18 U.S.C. §§ 545, 2314 and/or 2315; (B) 18 U.S.C. § 545, as merchandise introduced into the United States contrary to law in violation of 18 U.S.C. §§ 545, 2314 and/or 2315; and (C) 18 U.S.C. § 981(a)(1)(C), as property which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 545, 2314 and/or 2315.  See Warrant for Arrest of Articles In Rem, Dkt. #2.

Claims to the Defendant Diamond were filed by Taly Diamonds on June 17, 2010, and by Higgs Diamonds on July 10, 2010.  See Claims, Dkt. ##3 and 7.  On August 26, 2010, Van Kerrebroeck and a corporation controlled by him, Belgo-Nevada Ltd. ("Belgo"), filed a claim to the Defendant Diamond.  See Claim, Dkt. #14.  On September 27, 2011, Van Kerrebroeck and Belgo voluntarily withdrew their claim to the Defendant Diamond.  See Notice of Withdrawal of Claim, Dkt. ##28-29.

II.  STATUS OF PENDING CLAIMS

Since in or around October 2010, Taly Diamonds and Higgs Diamonds (together, the "Claimants") have been engaged in settlement discussions, independently and together with the government, in an effort to resolve competing claims to the Defendant Diamond and reach an agreement as to the proper disposition of the stone that would be acceptable to the government.  In conjunction with those discussions, the government has made the Defendant Diamond available for inspection by the Claimants' auctioneers.

As a result of these efforts, the Claimants have advised the government that they have arrived at a resolution of their competing claims acceptable to both companies, and have submitted sets of proposed settlement documentation to the government for comment and requisite approval by officials of the Department of Justice ("DOJ").

Recently, however, the Republic of South Africa has submitted a request for assistance pursuant to a Mutual Legal Assistance Treaty entered into with the United States (the "MLAT").  The MLAT seeks, among other requests, the assistance of the United States in the production of the Defendant Diamond for admission into evidence in connection with ongoing criminal fraud proceedings that have been brought against Van Kerrebroeck, who is presently in custody in connection with a case captioned In re State v. Dennis Bernard Van Kerrebroeck, currently pending in the

Page 3

Specialised Commercial Crime Division of the South Gauteng High Court in Johannesburg.

In response to the MLAT, the United States has proposed having a combination of ICE agents based in the United States and South Africa transport the Defendant Diamond to and from Johannesburg, so that the stone could be introduced as evidence in the criminal proceeding while at all times remaining securely in the possession, custody, and control of ICE agents in order to ensure its safe return to the United States.

Yesterday, an attorney with the DOJ Office of International Affairs in Washington, DC ("OIA") received confirmation that such an arrangement would be amenable to the South African authorities prosecuting the Van Kerrebroeck case. Accordingly, the undersigned will be participating in a conference call initiated by OIA, as early as next week, with the South African authorities in order to discuss the particulars of such an arrangement in greater detail, so that they may be shared with the Claimants, and ultimately presented to the Court, as part of documentation memorializing the anticipated resolution of the present forfeiture proceeding and the ultimate disposition of the Defendant Diamond.

Thank you for Your Honor's consideration of this submission.

Respectfully submitted,

LORETTA E. LYNCH
UNITED STATES ATTORNEY

/s
Brian D. Morris
Assistant United States Attorney
(718) 254-6512

cc: All Counsel of Record (Via ECF)
    Lawrence S. Spiegel, Esq.
    Thomas Hunter Hernon, Esq.

    Additional Counsel (Via E-mail)
    Jerome J. Lawton, Esq.
    Alan M. Sclar, Esq.