

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

July 2, 2012

**FILED BY ECF**
**COURTESY COPY BY INTEROFFICE MAIL**
The Honorable Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11021

    Re:  United States v. One Polished Diamond, 10-CV-2312 (SJ)

Dear Judge Johnson:

    The government respectfully writes in response to the Court's Order directing that a status report be filed on or before July 6, 2012 in the above-referenced civil forfeiture proceeding against one polished diamond weighing approximately sixty-eight carats (the "Defendant Diamond").  See April 16, 2012 Status Report Order.

I.    FACTUAL AND PROCEDURAL BACKGROUND

    On May 20, 2010, the government filed a Verified Complaint In Rem seeking forfeiture of the Defendant Diamond, which had previously been seized by Immigration and Customs Enforcement ("ICE") agents pursuant to a warrant issued by Magistrate Judge Viktor V. Pohorelsky.  See Verified Complaint, Dkt. #1, at ¶¶ 27-28.  The facts in support of the forfeiture of the Defendant Diamond are set forth in paragraphs 12 through 26 of the Verified Complaint.  In summary, the Defendant Diamond was obtained by virtue of false or fraudulent pretenses and/or was stolen from a South African diamond mining company, Higgs Diamonds Proprietary Ltd. ("Higgs Diamonds"), by Dennis Van Kerrebroeck ("Van Kerrebroeck"), who imported it into the United States before purporting to sell it to a New York diamond dealer, Taly Diamonds, LLC ("Taly Diamonds"), for the sum of approximately $1 million.

    The same day that the government filed its Verified Complaint, former Magistrate Judge Andrew L. Carter issued a Warrant for Arrest of Articles In Rem, authorizing the government's continued retention of the Defendant Diamond in

connection with this proceeding, based upon a finding of probable cause to believe that the Defendant Diamond was subject to seizure and forfeiture pursuant to (A) 19 U.S.C. § 1595a(c), as merchandise introduced into the United States contrary to law in violation of 18 U.S.C. §§ 545, 2314 and/or 2315; (B) 18 U.S.C. § 545, as merchandise introduced into the United States contrary to law in violation of 18 U.S.C. §§ 545, 2314 and/or 2315; and (C) 18 U.S.C. § 981(a)(1)(C), as property which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 545, 2314 and/or 2315. See Warrant for Arrest of Articles In Rem, Dkt. #2.

Claims to the Defendant Diamond were filed by Taly Diamonds on June 17, 2010, and by Higgs Diamonds on July 10, 2010. See Claims, Dkt. ##3 and 7. On August 26, 2010, Van Kerrebroeck and a corporation controlled by him, Belgo-Nevada Ltd. ("Belgo"), filed a claim to the Defendant Diamond. See Claim, Dkt. #14. On September 27, 2011, Van Kerrebroeck and Belgo voluntarily withdrew their claim to the Defendant Diamond. See Notice of Withdrawal of Claim, Dkt. ##28-29.

II. STATUS OF PENDING CLAIMS

Since the last status report was filed on April 13, 2012, Taly Diamonds and Higgs Diamonds (together, the "Claimants") have continued to negotiate the terms of a Stipulation of Settlement and Proposed Order with the government, which would resolve competing claims to the Defendant Diamond and dispose of the stone in a manner acceptable to all parties, subject to final approval by officials of the Department of Justice.

As discussed in the last status report, the United States has received a Mutual Legal Assistance Treaty ("MLAT") request from the Republic of South Africa seeking production of the Defendant Diamond for introduction as evidence in foreign criminal fraud proceedings against Van Kerrebroeck. See April 13, 2012 Status Report, Dkt. #30, at 2-3. With respect to the status of the MLAT request, ICE officials are presently attempting to schedule with their South African counterparts specific dates on which the Defendant Diamond can be safely transported to Johannesberg and back to the United States. After these dates are confirmed, the Stipulation of Settlement may be finalized and the Proposed Order presented for entry by the Court to resolve this forfeiture proceeding.

Page 3

      Thank you for Your Honor's consideration of this submission.

                                     Respectfully submitted,

                                     LORETTA E. LYNCH
                                   UNITED STATES ATTORNEY

                                 /s_____
                                 Brian D. Morris
                                 Assistant United States Attorney
                                 (718) 254-6512

cc: <u>All Counsel of Record (Via ECF)</u>
    Lawrence S. Spiegel, Esq.
    Thomas Hunter Hernon, Esq.

    <u>Additional Counsel (Via E-mail)</u>
    Jerome J. Lawton, Esq.
    Alan M. Sclar, Esq.